Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MALAKAI BENTA,<br><br>Plaintiff,<br><br>vs.<br><br>KINROSS GOLD U.S.A., INC., a Nevada Corporation; ROUND MOUNTAIN GOLD COPORATION, a Delaware Corporation,<br><br>Defendants. | CASE NO.<br><br>COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON:<br><br>1. DISABILITY DISCRIMINATION INCLUDING FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT<br><br>JURY DEMAND |

Plaintiff MALAKAI BENTA ("Plaintiff" or "Benta") alleges as follows:

1.  This action is brought pursuant to the Americans with Disabilities Act of 1990, *42 U.S.C. § 12101, et seq.* (hereinafter "ADA").

2.  Jurisdiction is predicated under this code sections as well as *28 U.S.C. § 1331*, as this action involves a federal question.

1

3.     At all relevant times, KINROSS GOLD U.S.A., INC., a Nevada Corporation; and ROUND MOUNTAIN GOLD COPORATION, a Delaware Corporation (hereinafter collectively "Defendants" or individually "Defendant Kinross" or "Defendant Round Mountain") employed 15 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year, and are therefore subject to the provisions of the ADA.

4.     The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

## PARTIES

5.     Plaintiff, Benta, is a citizen of the United States and at all relevant times herein was a resident of the State of Nevada, County of Nye and City of Round Mountain.

6.     Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Round Mountain, Nevada by Defendants.

## EXHAUSTION OF REMEDIES

7.     Plaintiff timely filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue by the EEOC on July 27, 2016, a copy of which is attached to the Complaint as Exhibit "A".

## STATEMENT OF FACTS

8.     On or about January 5, 2015, Plaintiff was hired by Defendants as a Mill Operator.

9.     On April 14, 2015 Benta was seen on an emergency basis at Banner Churchill Community Hospital in Fallon, Nevada.

10.    Plaintiff was also seen at the Nye Regional Medical Center in Tonopah, Nevada on April 15, 2015 and was given a note to stay off work from April 15, 2015 through April 17, 2015.

11.    Plaintiff was having gastrointestinal bleeding caused by internal hemorrhoids. He

also had gastritis and esophagitis, among other ailments.

12. On August 24, 2015, Benta was given a doctor's note by Gerald W. Peterson, Jr., D.O., that he was to be off work due to illness from August 21, 2015 through August 24, 2015, returning to full duty on August 25, 2015.

13. Thereafter on September 3, 2015, Plaintiff was given a final written warning for missing his shift on August 21, 2015, which as set forth above, Benta had a doctor's note to do so.

14. Finally on October 19, 2015, Plaintiff was given a note from Dr. Peterson saying that he was to be off work due to illness until further notice. The doctor was still trying to figure out what was wrong with Benta and wanted his off work until they determined what that was.

15. Benta gave this note to Alex Burroughs in Human Resources and was told by Burroughs not to return to work until otherwise instructed. Burroughs further told Plaintiff he would not be in violation of his final written warning for attendance due to his ongoing medical issues.

16. Benta followed up with his direct supervisor Dusty Kempner and told him that Burroughs in Human Resources told Plaintiff to stay off work because of his medical condition until further notice.

17. On October 25, 2015, Benta was admitted into St. Mary's Hospital in Reno. Plaintiff called Burroughs to tell her what had transpired and she told Benta that someone would be contacting him.

18. At approximately 1:45 p.m. that afternoon the general foreman for Milling-Crushing, Wesley Amos, contacted Plaintiff and told him to attend a meeting at Human Resources the next day (ie. October 26, 2015).

19. Benta did attend the meeting, which was also attended by Mary Wooten, HR Supervisor and Mark Linhart, Milling-Crushing superintendent, along with Kempner and Amos.

20. Amos told Plaintiff that the meeting had been called to discuss his patterned absences and Benta was also told that he was being terminated for missing his shifts on October

3

20th, 21st and 22nd.

21.     Plaintiff told Amos that Burroughs in Human Resources had told him he was given the time off per his doctor's note, but to no avail.

22.     Once terminated Benta's company medical insurance lapsed on November 1, 2015, which made Plaintiff unable to have the diagnostic testing he had scheduled performed, including a colonoscopy and a endoscopy, until March 2016.

## FIRST CAUSE OF ACTION

### (For Disability Discrimination including Failure to Accommodate in Violation of the ADA)

23.     Plaintiff Benta incorporates the allegations set forth in paragraphs 1 through 22, inclusive, as if fully set forth herein.

24.     As set forth hereinabove, Plaintiff suffered from gastrointestinal bleeding caused by internal hemorrhoids, in addition to gastritis and esophagitis, among other ailments.  These ailments substantially limited Benta in the major life activities of eating and digesting food, which are of the bodily functions of the digestive system, including the bowel and bladder.  It also substantially limited Plaintiff in the major life activity of working and thus qualified Benta as being disabled under the ADA.

25.     Defendants failed to accommodate Benta's disabilities by giving Plaintiff a leave of absence until his doctor said it was alright for him to resume his job duties as a Mill Operator.

26.     This violated the ADA, because the ADA requires an employer to give an employee a leave of absence for their disability(s) as long as it does not cause an undue hardship for the employer.

27.     Here there is no evidence that granting Benta a leave of absence, as requested by his doctor, would have caused Defendants an undue hardship.

28.     As a direct, foreseeable, and legal result of the Defendants' disability discrimination including failure to accommodate Plaintiff's disabilities, Plaintiff has suffered,

4

overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

29. As a further direct, foreseeable, and legal result of the Defendants' disability discrimination including failure to accommodate Plaintiff's disabilities, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, change in sleep patterns, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

30. In acting as they did, Defendants knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

31. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

32. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Benta demands judgment against Defendants as follows:

1. Declaring that the acts and practices complained of herein are a violation of the ADA;

2. Enjoining and permanently restraining the violations by Defendants of the ADA;

3. For back pay and front pay and for overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

4. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life

and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

    5.    For punitive damages;

    6.    For attorney's fees and costs in an amount determined by the court to be reasonable;

    7.    For pre-judgment interest on all damages; and

    8.    For any other and further relief that the Court considers just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

DATED: 10/24/2016        LAW OFFICES OF MICHAEL P. BALABAN

BY: /s/ Michael P. Balaban
Michael P. Balaban
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141

# EXHIBIT A

# NOTICE OF RIGHT TO SUE

EEOC Form 161-B (11/09)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Malakai Benta
3295 N. Bryce Road
Golden Valley, AZ 86413

From: Los Angeles District Office
255 E. Temple St. 4th Floor
Los Angeles, CA 90012

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2016-00144 | Karrie L. Maeda, State & Local Coordinator | (213) 894-1100 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Rosa M. Viramontes,
District Director

July 27, 2016
*(Date Mailed)*

Enclosures(s)

cc: Denise Carver
H.R. Mgr.
ROUND MOUNTAIN GOLD CORP.
A Subsidiary of Kinross Gold Corp.
P.O. Box 480
Round Mountain, NV 89045

Michael P. Balaban, Esq.
LAW OFFICE OF MICHAEL BALABAN
10726 Del Rudini St.
Las Vegas, NV 89141